

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00109-CR

———————————————

KENDRICK ALEXANDER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F16-291-362

---

Before Birdwell, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

A jury convicted Appellant Kendrick Alexander of capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(2). He received an automatic life sentence without the possibility of parole. *See* Tex. Penal Code Ann. § 12.31(a)(2). Alexander appeals his conviction. After reviewing defense counsel's *Anders* brief and conducting an independent review of the record, we modify the judgment to delete $15 of court costs that are associated with the time-payment fee, and we affirm the judgment as modified.

As previously noted, Alexander's court-appointed counsel has filed a motion to withdraw as counsel and an *Anders* brief in support of that motion. In the brief, counsel asserts that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Alexander of his motion to withdraw; (2) provided him a copy of both the motion and the brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court granted Alexander's request to examine the record.

Alexander, however, did not avail himself of the opportunity to file a response on his own behalf. The State also declined to file a response.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that an appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record and have determined that, as counsel notes, the trial court's judgment requires modification regarding the assessment of the $15 time-payment fee included as part of Alexander's $365 court costs. By statute, a person convicted of a felony shall pay a $15 fee if he "pays any part of a fine, court costs, or restitution on or *after* the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *See Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication). The Texas Court of Criminal Appeals has further concluded that a trial court's assessment of the time-payment fee while an appeal is pending is premature. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

Here, the trial court included the late-payment fee in its bill of costs and ordered that it be paid "if the total balance is not paid by the 30th day after the

3

judgment is signed," which is "before the condition triggering the assessment of the [fee]—late payment—could have occurred." *See Prescott*, 2019 WL 2635559, at \*5. As such, the $15 time-payment fee should be entirely struck without prejudice to the fee being assessed later if, more than thirty days after the issuance of the appellate mandate, Alexander has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*; *Webster v. State*, No. 07-20-00248-CR, 2021 WL 1899359, at \*5 (Tex. App.—Amarillo May 11, 2021, no pet.) (mem. op., not designated for publication) (applying *Dulin* to modify judgment to delete time-payment fee assessed in a community-supervision revocation case).

Despite this necessary modification to the judgment, we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 31, 2022

4